IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KOURTNEY COTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CV 03-J-2940-S |
| CRACKER BARREL OLD | ) |
| COUNTRY STORE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**ENTERED**
SEP 3 0 2004

## MEMORANDUM OPINION

Pending before the court is defendant, Cracker Barrel Old Country Store, Inc.'s ("Cracker Barrel") motion for summary judgment (doc. 16), evidence in support of said motion (doc. 17), and supporting brief (doc. 18). Plaintiff filed an opposition to said motion (doc. 22) and supporting evidence (doc. 23), and defendant submitted a reply brief (doc. 28). Based upon a consideration of all of the foregoing and for the reasons set forth below, the court is of the opinion that Cracker Barrel's motion for summary judgment is due to be **GRANTED**.

### I. Factual Background

Plaintiff filed this action against Cracker Barrel on October 31, 2003, seeking declaratory judgment, injunctive relief, and an award of damages under

Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. § 2000e *et seq.*). Although the causes of action are not specified in the plaintiff's complaint, it appears that plaintiff is alleging sexual harassment, retaliation and constructive discharge. On February 24, 2004, plaintiff amended her complaint to allege additional state law claims of assault and battery and negligent and wanton hiring, supervision and retention. Defendant filed an answer to both the original complaint and amended complaint.

Plaintiff was hired in October 17, 2002 to work as a part-time cashier and retail associate for the Christmas season at defendant Cracker Barrel's Gardendale location. Plaintiff was told in advance by Kay Popee ("Popee")[1] that her hours would be reduced after the holiday season. Plt. depo. at 123-124. Upon being hired by Cracker Barrel, the plaintiff received an orientation package which included Cracker Barrel's sexual harassment policy. Def. Ex. 3, p. 14. Plaintiff alleges that on November 4, 2002, the general manger of the Gardendale restaurant, Carl Walker, ("Walker") attempted to "French" kiss her in the stockroom of the defendant's store. Plt. depo. at 74. Popee was in her office which is in the stockroom and another employee, Victoria Lee, walked into the

---

[1] Kay Popee was defendant's retail manager. Popee Depo at 11. The retail manager oversees the retail area and reports to the retail district manager. Popee Depo. at 189-190; Alexander Depo. at 17-18.

stockroom after plaintiff told Walker "no". Plt. depo. at 74-75.

The incident was reported to the Cracker Barrel employee hotline and a formal sexual harassment complaint was made to the district manager of Cracker Barrel. Popee depo. at 190. After receiving the plaintiff's complaint, Cracker Barrel investigated the matter. Alexander depo. at 111-112.[2] Defendant formally disciplined Walker by giving him a written warning. Alexander depo. at 114, Ex. 12. Additionally, defendant shifted Walker's hours to avoid contact between Walker and the plaintiff. Plt. depo. at 104. Plaintiff alleges that she did not believe that Walker was reprimanded. Plt. depo. at 139. She felt that co-workers treated her differently after her complaint. Plt. depo. at 140.

Additionally, plaintiff alleges that Popee retaliated against the plaintiff for reporting Walker by reducing plaintiff's hours after the Christmas season. Plt. depo. at 107-14, 123. Furthermore, plaintiff alleges that Popee retaliated in that Popee did not allow plaintiff to sit on a stool one day. Plt. depo. at 124. Plaintiff also testified that Walker told her that using a work phone for personal reasons was a firing offense. Plt. depo. at 108.

After the holiday season, plaintiff's hours at Cracker Barrel were reduced.

---

[2] Richard Alexander is the defendant's district manager for the district encompassing defendant's store and restaurant in question. Alexander depo. at 7-8.

Plt. depo. at 55, 123, 193. In January 2003, plaintiff obtained another job and quit Cracker Barrel. Plt. depo. at 133-135. On September 3, 2003, the Equal Employment Opportunity Commission ("EEOC") issued a no cause determination and dismissed the plaintiff's charge. Plt. depo. Ex. 16.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes

demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case...A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991). However, the court should not make

credibility determinations, nor weigh the parties' evidence. *See Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir.2000).

### III. Analysis
**A. Title VII Claims**

Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e *et eq.*). To establish a sexual harassment claim, a plaintiff must show the following: 1) that she belongs to a protected group; 2) that she has been subject to unwelcome harassment; 3) that the harassment was based on sex of the employee; 4) that the harassment was sufficiently severe and pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir.1999). For purposes of its motion for summary judgment, defendant Cracker Barrel concedes the plaintiff has met her burden on the first three factors. Defendant's Brief in Support of its Motion for Summary Judgement at 14. However, defendant argues that even if this court were to assume for purposes of this summary judgment motion that Walker attempted to kiss the plaintiff, which is disputed by Walker, Walker depo. at 158-159, the plaintiff cannot prove either the fourth or fifth elements of a sexual harassment claim.

Sexual harassment in the workplace can alter the terms and conditions of employment in either of two ways. One way is if the employee's refusal to submit

to a supervisor's sexual demands results in a "tangible employment action" being taken against her. The second way for sexual harassment to violate Title VII is if it is sufficiently severe and pervasive to effectively result in a change in the terms and conditions of employment, even though the employee is not discharged, demoted or reassigned. This latter is hostile work environment harassment. *Hulsey v. Pride Restaurants, LLC.*, 367 F.3d 1238, 1245 (11th Cir. 2004). With respect to the former, harassment which culminates in a "tangible employment action" by a supervisor, the employer is automatically held vicariously liable for the harassment. *Walton v. Johnson & Johnson Svcs.*, 347 F.3d 1272, 1280 (11th Cir.2003). In contrast, when the supervisor's harassment involves no "tangible employment action", an employer can avoid vicarious liability for the supervisor's conduct by raising and proving the affirmative defense described in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998). *See also Walton*, 347 F.3d. at 1280-81, *quoting Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1311 (11th Cir.2001).

**1. Tangible Employment Action Claim**

"A tangible employment action is a change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or decision causing a significant change in benefits." *Ellerth*, 524 U.S. at 761. An employer is liable under Title VII if he permits a supervisor to take a tangible employment action against an employee because she refused to

7

give in to his sexual overtures. *Id.* at 765. However, "the employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances." *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir.2001). This variety of sexual harassment has been labeled as tangible employment action sexual harassment and in the past was labeled "quid pro quo" sexual harassment. *See Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1312 (11th Cir.2001).

Plaintiff argues that the reduction of plaintiff's work hours after the holiday season, the use of the work phone incident, and her not being allowed to use a stool, were tangible employment actions. Defendant argues that the none of the actions which plaintiff complains about either individually or collectively constitute a tangible employment action. This court agrees.

*a. Reduction in work hours*

Plaintiff was a part-time employee and understood from the beginning of her employment with defendant that she would fill in as needed and that her hours would be less after the busy holiday season. Plt. depo. at 36, 55, 122-124, 193. Plaintiff's hours actually increased after she complained about Walker's kiss. Plt. depo. at 188-189. After Christmas, plaintiff requested off New Year's Eve and January 11, 2003, Popee depo. at 178-179, and when plaintiff requested a day off, Popee let her be off. Plt. depo. at 49-50, 144. Plaintiff talked to Popee about her

8

work hours. Plt. depo. at 123. Popee explained to plaintiff that the reduction in hours was temporary because of a downturn in business. Plt. depo. at 133; Popee depo. at 120, 175. Everybody's hours were reduced. Popee depo. at 141. Full-time employees had to average at least thirty-two hours per worker to maintain benefits, but their hours were also cut. Popee depo. at 142. Another part-time employee in a similar position as plaintiff experienced a similar reduction in hours. Popee depo. at 144.

### b. Use of work telephone for personal use

Defendant does not deny that Walker saw her on the telephone and told her it was against company policy and a firing offense to be on a work phone for personal reasons. However, Popee had given plaintiff permission to use the telephone in her office to call her mother. Plt. depo. at 107-108, 115. Plaintiff told Walker when Walker saw her on the phone that she had Popee's permission and Popee confirmed this. Plt. depo. at 108. Plaintiff agrees that it is a firing offense to be on a work telephone and plaintiff agrees that Walker took no action as a result of her using the work telephone. Plt. depo. at 108.

### c. Not being able to sit on a stool

Plaintiff bruised her leg on a car door at home. Plt. depo. at 130; Popee depo. at 163. Plaintiff was scheduled to work as a cashier that day but told Popee she needed to sit on a stool. Plt. depo. at 130. Popee told plaintiff she could not work as a cashier sitting on a stool, and she excused plaintiff from work that day.

9

Plt. depo. at 124. Plaintiff just said "okay" and went home. Plt. depo. at 124. She returned to work on her next shift. Plt. depo. at 130-131. Plaintiff alleges that two other cashiers sat on stools if their backs were hurting. Plt. depo. at 126. However, Popee never gave them permission to sit on stools or knew that they did so. Popee depo. at 163.

Plaintiff never reported any of these alleged acts of retaliation or any other issue to Employee Relations. Plt. depo. at 113-114. Even though Alexander checked on plaintiff every time he was in the store, except for Walker's comment about the telephone, plaintiff always told him everything was fine. Plt. depo. at 114.

This court has considered whether the actions of Popee could either collectively or individually could be construed to constitute a "constructive discharge." To prove constructive discharge, plaintiff must show that her working conditions were so difficult that a reasonable person would have felt compelled to resign. *See Walter v. Johnson & Johnson Services, Inc.*, 347 F.3d 1272, 1282 (11th Cir.2003). In this case, the plaintiff does not allege that she quit because of Walker's sexual harassment or even because of a hostile work environment. Plt. depo. at 153. Rather, plaintiff claims her resignation from Cracker Barrel was the result of a decrease in hours which occurred after the Christmas season, when business decreased. Plt. depo. at 133. The plaintiff testified that she was aware that her hours would be reduced after the holiday season. Plt. depo. at 123-124.

10

Based on the evidence, the court finds that none of the actions about which plaintiff complains either individually or collectively constitute a "tangible employment action."

### 2. Hostile Work Environment Claim

The second way for sexual harassment to violate Title VII is if it is sufficiently severe and pervasive to effectively result in a change in the terms and conditions of employment, even though the employee is not discharged, demoted, or reassigned. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. at 754. This variety of sexual harassment has been labeled hostile work environment harassment. *See id.* at 754. Unlike "tangible employment action" sexual harassment, a supervisor does not have to be the harasser for this variety of sexual harassment to occur. *Hulsey v. Pride Restaurants*, 367 F.3d at 1246. Regardless of who is the harasser, however, the employer may be able to escape liability for a hostile environment by establishing as an affirmative defense that the employee failed to take prompt advantage of the employer's system for reporting and preventing harassment. *Id., citing Faragher v. City of Boca Raton*, 524 U.S. 775, 807-08 (1998).

Citing *Mendoza*, 195 F.3d at 1246, the defendant argues that Walker's attempted "French" kiss alone was not sufficiently severe and pervasive to support a hostile work environment sexual harassment claim and that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior. Plaintiff has conceded that plaintiff's claim for hostile work

11

environment is not sufficiently severe and pervasive to warrant submission to the jury, and therefore the court deems this claim abandoned by plaintiff. Plaintiff's Opposition to the Defendant Cracker Barrel's Motion For Summary Judgment at 17.

### 3. Retaliation Claim

To prove a prima facie case of retaliation, plaintiff must establish the following: (1) that she is engaged in a statutorily protected activity; (2) that she suffered an adverse employment action; and (3) that the adverse action was casually connected to the protected conduct. *Williams v. Motorola, Inc.*, 303 F.3d 1284, 1291 (11th Cir.2002). If "a plaintiff makes out a prima facie case of retaliation, the burden shifts to the defendant" to produce "legitimate reasons for the adverse employment action." *Johnson v. Booker T. Washington Broad. Serv. Inc.*, 234 F.3d 501, 507 (11th Cir.2000). If the defendant does so, the plaintiff must show that the reasons that the defendant gave were pre-textual. *Id.*

In this case, it is undisputed that the plaintiff made an internal complaint of sexual harassment, which is a statutorily protected activity,[3] therefore this court must consider the last two prongs of the test.

With regard to the second prong, the plaintiff argues that a reduction in hours and compensation after the Christmas season was an adverse employment

---

[3] The statutory language prohibiting retaliation provides: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees...because she has opposed any practice made an unlawful employment practice by this sub-chapter." 42 U.S.C. § 2000e-3.

12

action. In response, citing *Davis v. Town of Lake Park*, 245 F.3d 1232, 1238 (11th Cir.2001), the defendant argues that the plaintiff did not suffer an adverse employment action. To prove adverse employment action, the plaintiff must show a serious and material change in the terms, conditions or privileges of employment. *Davis,* 245 F.3d at 1239. As stated above, the temporary fluctuation in hours for a part time employee, the act of not allowing an employee to sit on a stool one day, and reprimanding an employee for using a company phone for personal reasons on occasion are not either individually or collectively an adverse employment action. Therefore, the court does not reach a discussion of the third prong of the plaintiff's retaliation claim.

## B. State Law Claims of Assault and Battery, Negligent and Wanton Hiring, Supervision and Retention

While this court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367, the court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3). The court notes these state law claims will not be barred by the statute of limitations in light of the tolling provisions of 28 U.S.C. § 1367 (d).

## IV. Conclusion

For the forgoing reasons, the court hereby **GRANTS** the defendant's motion for summary judgment on the plaintiff's Title VII claims; and **DISMISSES** said claims **WITH PREJUDICE**. The court **DECLINES** to exercise supplemental jurisdiction over the plaintiff's remaining state law claims and **DISMISSES** said

claims **WITHOUT PREJUDICE** for refiling in an appropriate forum.

     **DONE** and **ORDERED** the _____30_____ day of September, 2004.

                                  INGE P. JOHNSON
                                  UNITED STATES DISTRICT JUDGE